IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Hayward L. Rogers,<br><br>    Plaintiff,<br><br>v.<br><br>Kaleon E. May, *Assistant Attorney General*; and South Carolina, *et al.*,<br><br>    Defendants. | Civil Action No.3:12-cv-837-MBS-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Plaintiff, a state prisoner proceeding *pro se*, brought the instant action in the Court of Common Pleas of Richland County. (See Dkt. No. 1.) On March 22, 2012, Defendants filed a Notice of Removal. (See id.)[1] This matter is before the Court upon several motions: (a) Defendants' Motion to Dismiss (Dkt. No. 8); (b) Plaintiff's Motion to Remand (Dkt. No. 16); (c) Plaintiff's Motion to Dismiss (Dkt. No. 17); and (d) Plaintiff's Amended Motion to Remand (Dkt. No. 18).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The Plaintiff brought the instant action in state court on or about February 6, 2012. (Dkt. No. 1.) Defendants removed the instant action on March 22, 2012, and filed a Motion to Dismiss on March 26, 2012. (See Dkt. No. 1; see also Dkt. No. 8.) By order filed March 27, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was

---

[1] The undersigned notes that the Complaint submitted by Plaintiff lists only one Defendant: "Kaleon E. May, Assistant Attorney General, South Carolina, et al." Although Plaintiff's reference to "et al." indicates the possibility that other Defendants exist, the only Defendant referred to by name in Plaintiff's Complaint is Kaleon E. May. (See Dkt. No. 1-1.) It therefore appears that there is only one Defendant in this case. However, because both Plaintiff and Defendant May use the term "Defendants" in their filings, the undersigned does the same.

advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 12.) Plaintiff filed his Response in Opposition to the Motion to Dismiss on or about April 5, 2012. (See Dkt. No. 19.)

After Defendants filed their Notice of Removal, Plaintiff filed several motions: (a) a Motion to Remand (Dkt. No. 16); (b) a Motion to Dismiss (Dkt. No. 17); and (c) an Amended Motion to Remand (Dkt. No. 18). Defendants filed a Response to these three motions, to which Plaintiff filed a Reply. (See Dkt. No. 21; Dkt. No. 22.)

## **PROCEDURAL FACTS**

Plaintiff, who is currently housed at McCormick Correctional Institution, brought the instant action in state court. (See Dkt. No. 1.) Plaintiff's allegations are set forth across two documents, one entitled "Notice/Complaint" and another entitled "Cause of Action." (See Dkt. No. 1-1 at 6-11 of 14.) In the "Notice/Complaint" document, Plaintiff states, *inter alia*,

> This is a civil action authorized by the United States and the State of South Carolina Constitution to redress the deprivation of civil rights by a public official, or state employee/or state officer employed by a state agency which jurisdiction lies in the County of Richland, State of South Carolina, and the First Amendment of the United States Constitution. . . .

(Dkt. No. 1-1 at 6 of 14.) Plaintiff complains about various documents submitted to the Lexington County Court of Common Pleas in "case number 2010-CP-32-3792." (Id.) Plaintiff alleges the Defendants "did with malice and aforethought, and by means of misconduct and legal malpractice . . . submit false and misleading evidence to the Court of Common Pleas, withholding facts." (Id. at 7.) According to Plaintiff, Defendants violated "federal[] and state laws" by denying him access to the court and "failing to protect his civil rights by consorting in conspiracy to cover up evidence that the Plaintiff was wrongfully convicted by a charge not presented to the grand jury, and illegally obtained evidence." (Id.)

2

In the document entitled "Cause of Action," Plaintiff contends, *inter alia*, that Defendants are liable to him for violating his First, Fourth, Fifth, Sixth, and Eighth Amendment rights. (Id. at 9.) Plaintiff also appears to allege Defendants violated the Eleventh, Thirteenth, and Fourteenth Amendment. (Id. at 10.) Plaintiff seeks damages as well as declaratory and injunctive relief. (Id.)

## DISCUSSION

### A. Motions to Remand (Dkt. No. 16 and Dkt. No. 18)

As noted above, Plaintiff filed a Motion to Remand on or about March 22, 2012. (Dkt. No. 16.)[2] Shortly thereafter–on or about March 29, 2012–Plaintiff filed an Amended Motion to Remand. (Dkt. No. 18.) Defendants oppose remand. (See Dkt. No. 21.)

The basis of both Plaintiff's motions seeking remand is unclear. In the Motion to Remand, Plaintiff states that he "raised [the following] claims in his pleadings": (1) false arrest; (2) denial of "procedure due process"; (3) "search and seizure without probable cause and arrest"; (4) "denial of grand jury"; and (5) "denial of a trial by jury, to a defendants right to a jury finding beyond a reasonable doubt with respect to any fact, other than the fact of a prior conviction, that increases the otherwise applicable statutory maximum sentence." (Dkt. No. 16 at 1 of 6.) In addition, Plaintiff states, "The defendants in their motion for removal was [sic] misleading in their reasons for removal and did not state sufficient grounds that are adequate for removal and their motion should be denied." (Id. at 2.)

In his Amended Motion to Remand, Plaintiff states that he "objects to the removal of this case . . . as the grounds alleged in the complaint has [sic] not been ruled on, adjudicated, or exhausted by a state tribunal." (Dkt. No. 18 at 1 of 4.) Plaintiff contends that the case should be remanded because he "did not allege that *federal* officials violated his

---

[2]That same day, Plaintiff filed a Motion to Dismiss, which is addressed below. (Dkt. No. 17.)

civil rights, but did allege that *state* officials . . . deprived him of rights guaranteed by Congress." (Id. (emphasis added).) Plaintiff further states,

> Since this matter was filed pursuant to S.C. Code Ann. 15-78-10, this court does not have jurisdiction to entertain this matter, and the matter clearly involves state statutory law and the state constitution. . . . To not remove this action to the state court will be a continuation of the deprivation of state and federal civil rights.

(Id. at 2-3.)

The undersigned recommends denying Plaintiff's Motion to Remand (Dkt. No. 16) and Plaintiff's Amended Motion to Remand (Dkt. No. 18). "As a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "The district courts have original jurisdiction under the federal question statute over cases 'arising under the Constitution, laws, or treaties of the United States.'" Id. (quoting 28 U.S.C. § 1331). The United States Court of Appeals for the Fourth Circuit has "averred that 'removal is appropriate if the face of the complaint raises a federal question.'" Lisenby v. Lear, 674 F.3d 259, 262 (4th Cir. 2012) (quoting Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005)).

Plaintiff's allegations in his Complaint clearly raise a question of federal law, in that the Plaintiff's action is styled as an action pursuant to 42 U.S.C. § 1983, and he raises federal constitutional claims. While Plaintiff states in his Amended Motion to Remand that this Court lacks jurisdiction because "this matter was filed pursuant to S.C. Code Ann. 15-78-10," (Dkt. No. 18 at 3-4 of 4), Plaintiff seemingly overlooks that his action also contains claims that arise under the Constitution, laws, or treaties of the United States. In fact, Plaintiff cites to 42 U.S.C. § 1983 in his Complaint, and he complains that Defendants violated several of his rights guaranteed by the United States Constitution. (See Dkt. No.

4

1-1 at 6-7, 9-10 of 14.) Because this court has jurisdiction, and removal was proper, the undersigned recommends denying Plaintiff's Motion to Remand (Dkt. No. 16) and Plaintiff's Amended Motion to Remand (Dkt. No. 18).

**B.** **Plaintiff's Motion to Dismiss (Dkt. No. 17)**

On or about March 27, 2012, Plaintiff filed a Motion to Dismiss, wherein Plaintiff stated that he "moves to dismiss seeking monetary relief and seeks relief in redress of deprivation of civil rights guaranteed by the Constitution and federal law, and under Section 1983 . . . The Plaintiff accepts all other relief the Court sets that is fit and proper." (Dkt. No. 17 at 1 of 2.) Defendants "take no exception to the dismissal of Plaintiff's claims for monetary relief." (Dkt. No. 21 at 1 of 3.)

In light of Plaintiff's request, and Defendants' lack of objection, the undersigned recommends granting Plaintiff's Motion to Dismiss, thereby dismissing Plaintiff's demand for monetary relief. (Dkt. No. 17.)

**C.** **Defendants' Motion to Dismiss (Dkt. No. 8)**

Defendants filed a Motion to Dismiss shortly after they removed the instant action. (See Dkt. No. 8.) Plaintiff filed his Response in Opposition to the Motion to Dismiss on or about April 5, 2012. (See Dkt. No. 19.)

Defendants seek dismissal of the instant complaint pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See Dkt. No. 8.) Defendants "contend that the Plaintiff's Complaint is exactly the sort of vague and conclusory pleading that violates the requirements of both Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 12(b)(6)." (Dkt. No. 8 at 3.) Defendants state,

> The Plaintiff's conclusory and vague allegations, as set forth against the Defendants in his Complaint, are wholly lacking in terms of any specific factual allegations, and it is not even clear who, besides Kaleon May, Esquire based solely on the caption, the Plaintiff is attempting to sue. The Plaintiff's Complaint contains several "legal" phrases, but there is no factual allegations

5

> that are linked to any alleged constitutional violation. The Plaintiff has failed to specify who violated the alleged right, when this alleged violation actually occurred, nor any specific facts to link a purported legal right to any action or inaction on the part of the Defendants. Such failures on the part of the Plaintiff are fatal to this action, and furthermore prevent the Defendants from being able to prepare any meaningful defense.

(Id. at 3-4.)

In his Response in Opposition, Plaintiff states that he "objects" to the motion "on the grounds that the court lacks jurisdiction to hear the matter." (Dkt. No. 19 at 1 of 4.) Plaintiff further states,

> In pursuit of Heck v. Humphrey, 114 S.Ct. 2364 (1994), this court is barred from hearing this matter because the federal question has not been reviewed by the state court; therefore the Plaintiff objects to the motion for summary judgment [sic] and the Report and Recommendation of the Magistrate Judge in its entirety until there is an order from the state court reviewing the federal question . . . .

(Id. at 3.)

Rule 8(a) of the Federal Rules of Civil Procedure provides, in relevant part, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). In addition, pursuant to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at

555 (quoting <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . . unwarranted inferences, unreasonable conclusions or arguments." <u>Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.</u>, 591 F.3d 250, 253 (4th Cir. 2009) (citing <u>Edwards</u>, 178 F.3d 231; <u>Giarratano</u>, 521 F.3d 298).

Plaintiff alleges numerous times that "Defendants . . . did submit false and misleading evidence" to a state court, and he asserts that Defendants "fail[ed] to protect his civil rights by consorting in conspiracy to cover up evidence that the plaintiff was wrongfully convicted by a charge not presented to the grand jury, and illegally obtained evidence." (Dkt. No. 1-1 at 7 of 14.) In the document entitled "Cause of Action," Plaintiff lists various theories of liability but fails to include any factual allegations. (<u>See</u> Dkt. No. 1-1 at 9-11 of 14.)

The undersigned recommends granting Defendants' Motion to Dismiss. Because the document entitled "Cause of Action" contains no factual allegations, this document "does not allege 'enough facts to state a claim to relief that is plausible on its face.'" <u>Giarratano</u>, 521 F.3d at 302 (quoting <u>Twombly</u>, 550 U.S. at 570). As the Court stated in <u>Iqbal</u>, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. The document entitled "Cause of Action" does not meet the standard set forth in <u>Iqbal</u>. The only factual allegations presented by Plaintiff appear in the document entitled "Notice/Complaint." (<u>See</u> Dkt. No. 1-1 at 6-8 of 14.) This document also lists numerous theories of liability, but it contains very few factual allegations. (<u>See id</u>.) The only substantive allegation the undersigned can parse from Plaintiff's pleading is the allegation that Defendants "withh[eld] facts" and "submit[ted] false and misleading evidence" to a state

court. (Dkt. No. 1-1 at 7 of 14.) Plaintiff alleges that Defendants "did consort by conspiracy to conceal evidence of the fact that the county solicitor committed perjury to convict the plaintiff, and suppressing the D.N.A results discovery by SLED at his trial, and at his post-conviction evidentiary hearing." (Id.) As a preliminary matter, there is only one Defendant in the instant case, so it is unclear how one Defendant could conspire with himself or herself. In addition, Plaintiff does not allege what "false and misleading" evidence was submitted to the court. In any event, the one named Defendant in the instant case is Kaleon E. May, Assistant Attorney General for South Carolina, and she is entitled to prosecutorial immunity. See Williams v. Condon, 347 S.C. 227, 553 S.E.2d 496 (Ct. App. 2001); see also Van de Kamp v. Goldstein, 555 U.S. 335, 343-45 (2009) (noting that prosecutors have absolute immunity from § 1983 actions unless the conduct involves administrative duties such as workplace hiring, payroll administration, or the maintenance of physical facilities); Wilder v. Brooks, C/A No. 3:08-3089-MBS, 2009 WL 291065, at *4 (D.S.C. Feb. 4, 2009) (noting that a prosecutor's protected activities include "prosecutorial actions and decisions related to ancillary civil proceedings such as PCR actions"); Field v. McMaster, No. 6:09-1949-HMH-BHH, 2010 WL 3257888, at *2-3 (D.S.C. Aug. 17, 2010) (concluding that the Assistant Attorney General was entitled to prosecutorial immunity). It is therefore recommended that Defendants' Motion to Dismiss (Dkt. No. 8) be granted.

**CONCLUSION**

Wherefore, it is RECOMMENDED that Plaintiff's Motion to Remand (Dkt. No. 16) and Amended Motion to Remand (Dkt. No. 18) be DENIED. It is further RECOMMENDED that Plaintiff's Motion to Dismiss (Dkt. No. 17) be GRANTED, and that Defendants' Motion to Dismiss (Dkt. No. 8) be GRANTED.

IT IS SO RECOMMENDED.

                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

September 13, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).