IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Hayward L. Rogers, | ) | Civil Action No. 3:12-00837-MBS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Kaleon E. May, Assistant Attorney | ) | **ORDER AND OPINION** |
| General; and South Carolina, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Hayward L. Rogers ("Plaintiff") filed this action pro se against Defendants "Kaleon E. May, Assistant Attorney General" and "South Carolina, et al." (collectively "Defendants"), alleging violation of his rights protected by the United States Constitution and the statutory laws of the State of South Carolina. (ECF No. 1-1.) This matter is before the court on motions to dismiss by Defendants and Plaintiff respectively, and Plaintiff's motion to remand the matter back to the Richland County (South Carolina) Court of Common Pleas and amended motion to remand. (ECF Nos. 8, 16, 17, 18.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., the matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On September 13, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant the motions to dismiss of Plaintiff and Defendants and deny Plaintiff's motion to remand and amended motion to remand. (ECF No. 33.) Plaintiff filed objections to the Report and Recommendation, attempting to support his request for remand with assertions that the Magistrate Judge should have recused herself without issuing a Report and Recommendation because of an apparent conflict of interest and the court lacked subject matter

1

jurisdiction over the matter. (ECF No. 36.) For the reasons set forth below, the court adopts, in part, the Report and Recommendation of the Magistrate Judge and **GRANTS** Defendants' motion to dismiss, but **DENIES** as moot Plaintiff's motion to dismiss, motion to remand, and amended motion to remand.

## I. RELEVANT PROCEDURAL BACKGROUND

Plaintiff is an inmate at the McCormick Correctional Institution in McCormick, South Carolina. (ECF No. 1-1, p. 5.) On February 6, 2012, Plaintiff commenced the instant action proceeding pro se against Defendants in the Richland County (South Carolina) Court of Common Pleas, alleging the following claims:

> First cause of action, Defendants are liable, jointly and severally to plaintiff pursuant to art. I, sec. VIII of the S.C. Const., and 15-78-10. Second cause of action, Defendants are liable , jointly and severally to plaintiff's first, fourth, fifth, sixth, eighth, XIII, and XIV, amendments to the U.S. Constitution, and 42 U.S.C.A. 1983, for wrongful conviction, and conspiracy to violate civil rights, and S.C. Code Ann. 16-17410, 17-13-140. Third cause of action, Defendants are liable, jointly and severally to plaintiff's pursuant to S.C. Code Ann. 15-78-10, et. seq., and 14-7-1615, 14-7-1630(2)(5)(a). Fourth cause of action, Defendants are liable, jointly and severally to plaintiff pursuant to S.C. Code Ann. 15-78-10, Rules of Professional Conduct Rules 407, 413, and Code of Judicial Conduct Cannon 501, gross negligence as well as supervisory liability. Fifth cause of action, Defendants are liable, jointly and severally to plaintiff pursuant to 42 U.S.C.A. 1983, for violations of his Const. Rights under the 1st, 4th, 5th, 6th, 8th, 11th, 13th, and 14th of the U.S. Const., and article 1 and 15, and art. 1 and 3, and art. 1 and 8 of the State Const., and 15-78-10, et. seq. Sixth cause of action, Defendants are liable jointly and severally pursuant to S.C. Code Ann. 15-78-10(b), as their acts and omissions fell outside the scope of official duties, which constituted actual malice, and intent to harm. 42 U.S.C.A. 1983. Seventh cause of action, Defendants are liable, jointly and severally pursuant to S.C. Code Ann. 8-3-220, for breach of official bond.

(ECF No. 1-1, pp. 9-10.) In his prayer for relief, Plaintiff asked for declaratory relief, injunctive relief, actual damages of not less than $500,000.00, compensatory damages of not less than $500,000.00, punitive damages of not less than $1,000,000.00, a trial by jury, and costs. (Id. at

10-11.)

On March 22, 2012, Defendants removed the matter to this court pursuant to 28 U.S.C. §§ 1331 and 1441. In specific response to the allegations in the complaint, Defendants filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (a "Rule 12(b)(6) motion") on March 26, 2012. (ECF No. 8.) Plaintiff filed opposition to Defendants' Rule 12(b)(6) motion on April 10, 2012. (ECF No. 19.) In addition, on March 29, 2012, Plaintiff filed a motion to remand the matter to state court and a motion to dismiss the demand in the complaint for monetary damages. (ECF Nos. 16, 17.) Thereafter, on April 3, 2012, Plaintiff filed an amended motion to remand the matter to state court. (ECF No. 18.) Defendants filed opposition to Plaintiff's various motions on April 20, 2012. (ECF No. 21.)

## II.  LEGAL STANDARD

A.   The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B.      Dismissal for Failure to State a Claim Generally

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court must treat factual allegations of the nonmoving party as true. Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

C.      Liberal Construction of Pro Se Complaint

Plaintiff brought this action pro se, which requires the court to liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Haines, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to dismissal. Id. at 520–21.

### III.    ANALYSIS

A.      The Report and Recommendation

In the Report and Recommendation, the Magistrate Judge found that she was unable to

clearly ascertain the basis for Plaintiff's request to remand the matter to state court. (ECF No. 33, p. 3.) In contrast to the lack of clarity regarding Plaintiff's basis for remand, the Magistrate Judge was able to find definite support for the court's jurisdiction over the matter because Plaintiff "clearly raises a question of federal law" in the complaint by specifically citing to 42 U.S.C. § 1983 and alleging violations of rights protected by the United States Constitution. (Id. at 4.) Therefore, the Magistrate Judge determined that the court has jurisdiction over the matter as a result of the allegations in Plaintiff's complaint, and removal was proper by Defendants. (Id. at 5.) Accordingly, the Magistrate Judge recommended denying Plaintiff's motion to remand and amended motion remand.

Next, the Magistrate Judge recommended granting Plaintiff's motion to dismiss his prayer for relief in the complaint for monetary damages, which motion was unopposed by Defendants. (Id. at 5.)

Finally, the Magistrate Judge reviewed the merits of Defendants' Rule 12(b)(6) motion and determined that Plaintiff's complaint did "not allege 'enough facts to state a claim to relief that is plausible on its face.'" (Id. at 7 (citing Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))).) In this regard, the Magistrate Judge found that the only substantive allegation in the complaint involved a statement that Defendants "withh[eld] facts" and "submit[ted] false and misleading evidence" to a state court, which allegation alone was not enough to survive a Rule 12(b)(6) motion. (Id. at 7-8 (citation withheld).) Therefore, the Magistrate Judge recommended granting Defendants' Rule 12(b)(6) motion.

B.  Plaintiff's Objections to the Report and Recommendation[1]

In his objections to the Magistrate Judge's Report and Recommendation, Plaintiff asserts that the Report and Recommendation was issued by the Magistrate Judge despite a conflict of interest and the court lacks subject matter jurisdiction over the matter. (ECF No. 36, p. 1.) More specifically, Plaintiff asserts that the Magistrate Judge should have recused herself because of an apparent conflict of interest created by the Magistrate Judge presiding over the instant civil case and Plaintiff's pending federal habeas case. (Id.) Plaintiff further asserts that the court was without jurisdiction over the case because the action was filed in state court pursuant to state law and the state court "should have had the opportunity to act or to be alerted to the existence of the Federal Constitutional question." (Id. at 2.)

C.  The Court's Review

After accepting the well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences from those facts in Plaintiff's favor, the court agrees with the Magistrate Judge that Defendants' Rule 12(b)(6) motion should be granted because Plaintiff's factual allegations do not sufficiently state plausible claims against Defendants. The court further finds that Plaintiff's complaint should be dismissed because "Kaleon E. May, Assistant Attorney General" and "South Carolina, et al.," the only defendants identified by Plaintiff in the complaint, are entitled to immunity, absent circumstances that do not exist in this case. See, e.g., Van de Kamp v. Goldstein, 555 U.S. 335, 343-45 (2009) (noting that prosecutors have absolute immunity from § 1983 actions unless the conduct involves administrative duties such as workplace hiring, payroll administration, or the maintenance of physical facilities); Edelman v.

---

[1] Although Plaintiff does not make any specific requests in his objections to the Report and Recommendation, the court presumes that Plaintiff is requesting that the court reject the Report and Recommendation and remand the matter to state court.

Jordan, 415 U.S. 651, 662–63 (1974) (The Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.").[2]  Based on the foregoing, Defendants are entitled to dismissal of Plaintiff's complaint with prejudice.

As the court finds that the instant action should be dismissed pursuant to Defendants' Rule 12(b)(6) motion, the remaining motions by Plaintiff to dismiss and to remand are moot.

### IV.  CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** with prejudice Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (ECF No. 8.)  Plaintiff's motion to dismiss, motion to remand, and amended motion to remand are **DENIED** as moot.  (ECF Nos. 16, 17, 18.)  The court adopts, in part, the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED**.


                                        s/Margaret B. Seymour
                                        MARGARET B. SEYMOUR
                                        SENIOR UNITED STATES DISTRICT JUDGE
March 21, 2013
Columbia, South Carolina

---

[2] While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of these exceptions apply in the instant matter.